## Shestack v. Joseph Asbell Building and Loan Association.

*Lester Bowman,* for plaintiff; *William Pleet,* for defendant.

ALESSANDRONI, J., Dec. 30, 1930.—The statement of claim avers that the plaintiff gave written notice of withdrawal in accordance with the by-laws of the defendant building and loan association on or about February 19, 1930, by a letter to the secretary and by verbal notice at the regular meeting held in February, 1930. Suit is for the paid-in value of the stock. The affidavit of defense avers that no written notice of withdrawal in accordance with the by-laws was served on the defendant association as alleged in the plaintiff's statement of claim, and that the plaintiff gave no proper notice of withdrawal to the defendant. The undenied allegation that oral notice of withdrawal was given at a regular meeting is of no legal significance, inasmuch as the affidavit of defense avers that the by-laws require written notice and that no such written notice was given. In the absence of an allegation of facts which would indicate a waiver on the part of the defendant of the required written notice, the oral notice alleged by the plaintiff would be of no legal effect.

The plaintiff has lost sight of the fact that there is a denial of his allegation that formal written notice of withdrawal was given the defendant association. Under the by-laws of the association such notice is required, and it is firmly established from our earliest decisions that notice of withdrawal must be given in accordance with the charter and by-laws of the association: Assigned Estate of Brown Building and Loan Association, 12 W. N. C. 207.

There being a specific denial in this case that notice in accordance with the by-laws was given, the affidavit of defense filed is sufficient in law.

And now, to wit, December 30, 1930, the rule for judgment for want of a sufficient affidavit of defense is discharged.